In the Matter of FREDERIC G. BLUM, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 4, 1988

### APPEARANCES OF COUNSEL

*David E. Brennan (Gerard M. LaRusso* of counsel), for petitioner.

*James A. Connelly* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Frederic G. Blum was admitted to the practice of law by the Appellate Division, Fourth Department, on July 8, 1948. He has been charged by the Grievance Committee of the Seventh Judicial District with professional misconduct involving violation of four disciplinary rules in connection with the will of Rose Hryzak. Respondent has filed an

amended answer admitting the factual allegations in the petition.

It is uncontroverted that about six weeks before her death and while hospitalized for treatment of cancer, Rose dictated provisions of a new will to a nephew, Michael Fonte. Her previous will appointed respondent, who had represented Rose and her family for many years, as executor. The new draft was given by Fonte to respondent for final preparation. Respondent followed the draft except that he provided that he and Fonte would be coexecutors. This change was discussed with Rose in Fonte's presence; she approved it and the will was executed.

Thereafter, Rose died, the will was probated, the coexecutors were appointed and respondent was retained as attorney for the estate. Differences quickly arose between the coexecutors, and about six weeks after probate Fonte petitioned Surrogate's Court for respondent's removal as coexecutor and attorney on various grounds. Fonte and others also filed complaints with the Grievance Committee. Respondent reacted by contacting Rose's brother and half sister and suggesting that they institute proceedings to set aside the will. He also filed an answer to the Surrogate's Court petition asserting that the draft from which he had prepared the will that had been admitted to probate was "an out and out fraud" and that he was joined in his pleadings by decedent's sister.

Thereafter, respondent petitioned Surrogate's Court to resign on the ground that he believed that the will was a fraudulent document procured by the undue influence of Fonte.

The Grievance Committee charges respondent with violation of Code of Professional Responsibility DR 9-101, failing to avoid the appearance of impropriety; DR 1-102 (A) (6), engaging in conduct that adversely reflects on his fitness to practice law; DR 7-101 (A), failing to seek the lawful objectives of his client; and DR 7-104 (A) (2), failing in his professional obligation to refrain from giving advice to potentially adverse parties who are in conflict with the interest of his client.

We find that respondent's conduct in inserting his name as coexecutor when he prepared the will did not violate any of the specific prohibitions of DR 9-101, but that at most it conflicted with the intent of EC 5-6, which provides: "A lawyer should not consciously influence a client to name him as executor, trustee, or lawyer in an instrument. In those cases

where a client wishes to name his lawyer as such, care should be taken by the lawyer to avoid even the appearance of impropriety." Ethical considerations are aspirational in character, while disciplinary rules state the minimum level of conduct below which no lawyer can fall without being subject to discipline (Code of Professional Responsibility, Preliminary Statement).

We find that respondent's conceded conduct in attacking the validity of the will which he prepared, witnessed and probated, and pursuant to which he served, and in suggesting to decedent's brother and half sister while he was coexecutor under that will and attorney for the estate that a proceeding be considered to set the will aside, was in violation of DR 7-101 (A) and DR 7-104 (A) (2). We dismiss the charge that respondent violated DR 1-102 (A) (6) because in this case it is duplicative of other charges.

We have considered respondent's argument in mitigation that he was attempting to remain loyal to decedent, his client of many years. Respondent's conduct cannot be condoned and we conclude that he should be censured.

DILLON, P. J., DOERR, DENMAN, GREEN and BALIO, JJ., concur.

Order of censure entered.